UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NAFTOMAR SHIPPING AND TRADING CO. LTD.    :
INC.,

                                         :       07 CV 8445 (PAC)

                    Plaintiff,      :

                                           :       ECF CASE

      - against -                   :

                                         :

D & C ENTERPRISES (PVT) LTD. f/k/a         :
LAUGFS LANKA GAS (PVT) LTD., GAS AUTO   :
LANKA (PVT) LTD., and LAUGFS HOLDINGS LTD.,  :

                                         :

               Defendants.     :
---------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                    )     ss:  SOUTHPORT
County of Fairfield  )

     Nancy R. Peterson , being duly sworn, deposes and says:

     1.     I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

     2.     I have attempted to locate the Defendants, D & C ENTERPRISES (PVT) LTD.

LAUGFS LANKA GAS (PVT) LTD., GAS AUTO LANKA (PVT) LTD.,and LAUGFS

HOLDINGS LTD., and, within this District. As part of my investigation to locate the

Defendants within this District, I checked the telephone company information directory, as well

as the white and yellow pages for New York listed on the Internet or World Wide Web, and did

not find any listings for these Defendants.  Finally, I checked the New York State Department of

Corporations' online database which showed no listings or registration(s) for these Defendants.

3.    I submit based on the foregoing that these Defendants cannot be found within this

District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims.

4.    Upon information and belief, the Defendants have, or will have during the

pendency of this action, tangible and intangible property within this District and subject to the

jurisdiction of this Court, held in the hands of in the hands of garnishees within this District,

which are believed to be due and owing to the Defendants.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

5.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil

Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy,

Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon,

LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in

addition to the United States Marshal, to serve the Process of Maritime Attachment and

Garnishment and the Verified Complaint, together with any interrogatories, upon the

garnishee(s), together with any other garnishee(s) who (based upon information developed

subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

6.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and

Garnishment with all deliberate speed so that it may be fully protected against the potential of

being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the

Defendants.

7.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

8.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District.  Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

9.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, that service on any garnishee is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated:      January 14, 2008
              Southport, CT

_____
Nancy R. Peterson

Sworn and subscribed to before me
this 14th day of January, 2008.

_____
Notary Public